UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Barry Harris,

    Plaintiff

v.

Sanchez, et al.,

    Defendants

Case No. 2:25-cv-01153-CDS-DJA

**Screening Order**

Plaintiff Barry Harris, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-1, 1. The matter of the filing fee will be temporarily deferred. I now screen Harris's civil-rights complaint under 28 U.S.C. § 1915A.

**I.  Screening standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

All or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of complaint**

### A.  Harris's factual allegations

The complaint's events happened while Harris was incarcerated at High Desert State Prison ("HDSP"). ECF No. 1-1 at 1. Around June 2, 2025, prison officials voted to turn off the kiosk in Harris's segregated housing unit. *Id.* at 3. Harris receives legal emails using the kiosk. *Id.* Prison officials won't print Harris's legal work. *Id.* at 4. Harris's digital device locks out because it cannot sync with the kiosk. *Id.* at 4–5. This is "tampering" with Harris's lawsuit about the First Amendment's Establishment Clause. *Id.* at 5. It's also preventing Harris from accessing "his digital evidence" from another lawsuit. *Id.*

### B.  Harris's claims

Based on these allegations, Harris sues Sanchez, Speice, Buntin, HDSP Administration Incorporated, and several John and Jane Does. *Id.* at 1–2. He seeks monetary relief and brings a single claim under the First and Fourteenth Amendments about denial of the right to access the courts. *Id.* at 3–6. I address this theory and any issues below.

C. Analysis of claims

### 1. *First and Fourteenth Amendment right to access the courts*

Under the First and Fourteenth Amendments, prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To state a claim for violation of the right of access to the courts, a prisoner must plead facts showing that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. The actual injury must pertain to a "nonfrivolous" direct criminal appeal, habeas corpus proceeding, or civil rights action. *Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

To properly plead the actual-injury element of an access-to-courts claim, the plaintiff must identify the underlying cause of action "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued," and describe the official acts frustrating or impeding that litigation. *Christopher v. Harbury*, 536 U.S. 403, 415–17 (2002). For a backward-looking claim—one that seeks a remedy for a lost opportunity to present a legal claim—"the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415. But delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S at 362.

Harris fails to state a colorable access-to-courts claim. Harris alleges that his lawsuits involving the First Amendment's Establishment Clause and digital evidence are being "tampered with" because prison officials turned off the kiosk in his housing unit, which prevents him from syncing his digital device, and they won't photocopy his legal work. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The allegations are too vague and generalized to state that Harris suffered an actual injury with respect

4

to any direct criminal appeal, habeas proceeding, or civil-rights action. Also, there are no factual allegations connecting any named defendant to the alleged constitutional violation.[1] The First and Fourteenth Amendment right-to-access-the-courts claim is dismissed without prejudice and with leave to amend.

### 2. Immune and nonexistent defendants

Harris sues HDSP Administration Incorporation. No such entity exists. To the extent that Harris intended to sue HDSP, he is advised that it is merely a building, not a person or entity that can be sued. To the extent that Harris intended to sue the NDOC—or any of its departments—he is advised that the NDOC is an arm of the State of Nevada and thus immune from suit in federal court under the Eleventh Amendment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); Nev. Rev. Stat. § 41.031(3). HDSP Administration Incorporation is therefore dismissed with prejudice because amendment would be futile.

### D. Leave to amend

Because it appears that Harris might be able to cure the deficiencies of his right-to-access-the-courts claim, I grant him leave to file a first amended complaint to attempt to replead this claim. This means that Harris has leave to plead facts to cure the claim's defects identified above. If Harris does not know the true name of any defendant, then he must plead enough facts to show that information could be obtained with discovery (e.g., their place of employment, rank, job title, age, gender, physical description, and dates of their alleged acts or omissions). **Harris does not have leave to add new claims.**

---

[1] Harris names several Doe defendants. The use of Doe to identify a defendant is not favored but flexibility is allowed in cases where the identity of a party is not known before filing a complaint but is capable of being determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But this is not one of those cases because Harris pleads no factual details about the Doe defendants beyond the prosaic fact that they are or were wardens; and he does not ascribe any act or omission of constitutional magnitude to any of them.

If Harris chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (1989). This means that Harris's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, subject to this screening order. Harris should file the amended complaint on this Court's approved prisoner civil-rights form, and it must be titled "First Amended Complaint."

Harris must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his federal rights.

## III.    Conclusion

I therefore order that a decision on Harris's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

I order that the First and Fourteenth Amendment right-to-access-the-courts claim is dismissed without prejudice and with leave to amend **by June 29, 2026**. Harris is advised that this action will be subject to dismissal without prejudice if he fails to comply. If Harris chooses to file an amended complaint, that pleading will be screened in a separate order and the screening process might take several months.

I order that Sanchez, Speice, and Buntin are dismissed without prejudice from this action.

I order that High Desert State Prison Administration Incorporated is dismissed with prejudice from this action.

The Clerk of Court is kindly directed to (1) file the complaint (ECF No. 1-1) and (2) send plaintiff Harris the approved prisoner civil-rights complaint form with instructions and a copy of his original complaint (ECF No. 1-1).

Dated: May 27, 2026

_____
Cristina D. Silva
United States District Judge

6