UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Barry Harris,<br>Plaintiff<br>v.<br>Sanchez, et al.,<br>Defendants | Case No. 2:25-cv-01153-CDS-DJA<br>**Order Screening First Amended Complaint and Dismissing and Closing Case**<br>[ECF No. 6] |

Nevada prisoner Barry Harris brings this civil-rights lawsuit under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at High Desert State Prison ("HDSP"). In screening Harris's original complaint, I dismissed his access-to-the-courts claim with leave to amend by June 29, 2026. ECF No. 3. Harris timely filed two first amended complaints ("FAC"). ECF Nos. 5, 6. The FAC at ECF No. 6 is more complete because it contains the exhibit referenced in both pleadings. I therefore dismiss the FAC at ECF No. 5 without prejudice as superseded by ECF No. 6 and screen that FAC under 28 U.S.C. § 1915A. I find that Harris again failed to state a colorable access-to-the-courts claim, so I dismiss and close this action without prejudice and grant his *in forma pauperis* application.

## I. Screening standard

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

All or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of FAC

### 1. Harris's factual allegations

On June 2, 2025, HDSP Warden "Jerme"[1] Bean, Jane Doe, and all Nevada Department of Corrections employees turned off the kiosk in Harris's housing unit. ECF No. 6 at 3. Prison officials know the kiosk is important because they passed procedures for the inmates in solitary confinement to access it even when cuffed. *Id.* at 3, 5. Harris told prison officials that he wanted to find documents and defendants' names for his lawsuits. *Id.* at 2, 3.

### 2. Harris's claim

Based on these allegations, Harris sues Jeremy Bean, Jane Doe, and "NDOC Employee's" [sic]. *Id.* at 2. He brings a single claim under the First and Fourteenth Amendments about interference with his right to access the courts and seeks monetary relief. *Id.* at 3–4. I provided

[1] I construe "Jerme" as Jeremy Bean and refer to him as such herein.

Harris with the legal standard for this claim when I screened his original complaint, ECF No. 3 at 4, and I do not restate that standard here. I find that Harris again fails to state a colorable claim.

The problem is there are no factual allegations showing that Harris suffered an actual injury with respect to an existing or contemplated non-frivolous direct criminal appeal, habeas proceeding, or civil rights action. Rather, he vaguely and generally alleges that his grievances and lawsuits are impacted by his inability to use the kiosk to identify documents and defendants' names. I previously explained that vague and generalized allegations about lawsuits and grievances were not enough to state a colorable claim for relief. ECF No. 3 at 4–5.

This is Harris's second attempt to state a claim about interference with his right to access the courts, and he has failed to do so. I find that additional leave to amend would be futile under these circumstances. The First and Fourteenth Amendment access-to-the-courts claim is therefore dismissed without prejudice and without leave to amend.

## III. Conclusion

I therefore order that the earlier first amended complaint **[ECF No. 5] is dismissed without prejudice** as superseded by the later first amended complaint (ECF No. 6).

I order that the first amended complaint at ECF 6 is Harris's operative complaint.

I order that the First and Fourteenth Amendment access-to-the-courts claim is dismissed without prejudice and without leave to amend for failure to state a claim for relief.

I order that the application to proceed *in forma pauperis* **[ECF No. 1] is granted**. This status does not relieve the plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

I order that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Barry Harris, #95363** (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

The Clerk of Court is kindly directed to (1) send copies of this order to (a) the Finance Division of the Clerk's Office and (b) the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov; (2) close this case.

Dated: September 22, 2026

Cristina D. Silva
United States District Judge